IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| GEORGE DULGERIAN, | : | |
| Debtor. | : | Case No. 06-10203 (JKF) |
| _____ | | |

## MEMORANDUM OPINION

BY:   JEAN K. FITZSIMON
       United States Bankruptcy Judge

This matter is before the Court on the Debtor's Motion to Confirm Sale to First National Bank of Chester County or its Assignee Free and Clear of Liens, Claims and Encumbrances Pursuant to Section 363 of the Bankruptcy Code and for Clarification of Sale Order (the "Motion"). Because WV-PP Towne Center received notice and the sale is free of its easement pursuant to applicable nonbankruptcy law, the Motion is granted.

## BACKGROUND

An involuntary Chapter 7 bankruptcy petition was filed against George Dulgerian on January 19, 2006. The Debtor voluntarily converted his case to Chapter 11 on June 7, 2006. Mr. Dulgerian owns 57 acres of land on Baltimore Pike known as Point Ardashes (the "Property"). The Property is subject to a first priority mortgage of First National Bank of Chester County ("FNBCC") for

approximately $6,700,000. This mortgage was taken on May 9, 2003. The Property also is subject to a road easement agreement between Franklin Center Trust and George Dulgerian dated October 30, 2003 and recorded on December 12, 2003 (the "Easement").[1] The Easement later was transferred to WV-PP Towne Center, L.P. ("WV-PP").

On March 15, 2007, this Court entered an Order approving the sale of the Property to William Sasso (the "Sale Order," docket entry #255). Pursuant to an Order Approving the Procedure for Entertaining Higher and Better Offers at the Hearing to Approve the Proposed Sale (docket entry #217), entered by this Court on February 1, 2007, FNBCC offered to purchase the Property for $6,600,000 and was deemed a Backup Bid to the Sasso offer. KRPM, L.P. ("KRPM") is the assignee of FNBCC and joins the Debtor in seeking confirmation of the sale of the Property.

According to the Sale Order, "[t]he Property shall be conveyed pursuant to § 363 of the Bankruptcy Code and the terms of the Agreement free and clear of any liens, encumbrances, interests and claims thereon, therein, or relating to . . ." (¶13). Paragraph 1.2 of the Agreement to Purchase Real Estate includes, in relevant portion:

---

[1] The Motion seeks a declaration as to other encumberances, including easements, on the Property. However, no argument or evidence was presented with regard to anything other than the Easement. Accordingly, this opinion and Order only address the Easement.

> The Property shall be sold free and clear of all security interests, liens, pledges, claims, levies, charges, deeds of trust, escrows, encumbrances, options, rights of first refusal, transfer restrictions, conditional sale contracts, title retention contracts, mortgages, leases, *easements*, hypothecations, indentures, security agreements or other agreements, arrangements, contracts, commitments, understandings or obligations of any kind whatsoever, whether written or oral ("Encumbrances"). . . .

(See docket entry #183, attached to the Expedited Motion to Sell Real Estate to William Sasso as Exhibit A, emphasis added). Similarly, the Contract to Purchase Real Estate between George Dulgerian and FNBCC states, in relevant portion:

> Buyer shall purchase, acquire and accept from Seller, all of Seller's right, title and interest in and to the Real Property . . . free and clear of all security interests, liens, pledges, claims, levies, charges, deeds of trust, escrows, encumbrances, options, rights of first refusal, transfer restrictions, conditional sale contracts, title retention contracts, mortgages, leases, *easements*, hypothecations, indentures, security agreements or other agreements, arrangements, contracts, commitments, understandings or obligations of any kind whatsoever, whether written or oral ("Encumbrances"). . . .

(See docket entry #318, attached to the Motion for Sale of Property Under Section 363(b) as Exhibit B, emphasis added). It is undisputed that WV-PP's counsel of record, Mr. Levant, received notice and copies of all the relevant motions and their attachments.

Mr. Sasso defaulted on his agreement to purchase the Property from the Debtor and has forfeited his $150,000.00 deposit. Therefore, the Debtor now wishes to sell the Property to the Backup Bidder, KRPM (which stands in the

3

shoes of the mortgagee, FNBCC). The title company working to close the sale has refused to remove the Easement from the title absent either consent from the Easement holder or a specific court order. KRPM contacted WV-PP and requested that the Easement voluntarily be removed; WV-PP refused, and this Motion followed. The Motion seeks to "clarify" the Sale Order to confirm that the Easement "was an encumbrance or interest which was removed from the Property and attaches to the Sale Proceeds like any other claim." (¶14).

WV-PP who, as discussed below, asserts that it did not receive adequate notice of the Debtor's intent to extinguish the Easement, has been represented by two firms in the Debtor's bankruptcy. The docket shows that as of January 24, 2006, William J. Levant of Kaplin Stewart entered his appearance on behalf of WV-PP. In addition, as of September 17, 2007, WV-PP also became represented in the bankruptcy by Ashley Federer and David Stern of Wolf Block Schorr and Solis-Cohen LLP.

WV-PP objects to the Debtor's Motion on both due process and substantive grounds. First, as just mentioned, the Easement holder asserts that the notice of the sale received from the Debtor was not adequate. Second, WV-PP argues that the Easement runs with the land and cannot be divested pursuant to § 363 of the Bankruptcy Code. For reasons discussed below, because WV-PP's counsel received adequate notice and because applicable

nonbankruptcy law permits the sale free and clear of the Easement, WV-PP's objections are overruled and the Motion is granted.

## DISCUSSION

### I. WV-PP Received Adequate Notice of the Sale of the Property and the Proposed Disposition of the Easement

WV-PP's contention that its due process rights have been violated is unfounded because the notice to it of both the sale of the Property and the proposed extinguishment of the Easement was adequate. The information which WV-PP received satisfied the standards set forth by both the Bankruptcy Code and case law.

There is no question that notice is of paramount importance in bankruptcy sales. See In re Pinnacle Brands, Inc., 259 B.R. 46 (Bankr. D. Del. 2001). Pursuant to Bankruptcy Rule 6004(c)

> [a] motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold. The notice required by subdivision (a) of this rule shall include in the date of the hearing on the motion and the time within which objection may be filed and served on the debtor in possession or trustee.

See also Rule 2002(c) ("the notice of a proposed use, sale or lease of property, including real estate, is sufficient if it generally describes the property"). In addition to the Bankruptcy Rules, the Third Circuit has made clear that due

5

process considerations also guide bankruptcy notice requirements.  See Folger Adam Sec. Inc. v. DeMatteis/MacGregor J.V., 209 F.3d 252, 265 (3d Cir. 2000) (stating that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950)).  With regard to a sale under § 363 of the Code, parties in interest must receive specific notice of the intended sale; general notice of the bankruptcy is not sufficient.  See Walker v. Lee (In re Rounds) 229 B.R. 758 (Bankr. W.D. Ark. 1999).

The Debtor has satisfied each of the notice requirements set forth above.[2] The Expedited Motion to Sell Real Estate to William Sasso and its attachments (the "Expedited Motion"), filed on January 10, 2007, contained detailed information regarding the Property, the terms and conditions of the proposed sale, as well as the date and time of the hearing on the matter.  The Expedited Motion was served by fax on William J. Levant, an attorney of record for WV-PP, on January 11, 2007.  (See docket entry #188).  The hearing on the sale of the Property was originally scheduled for January 19, 2007 (see docket entry #183), but was continued to January 25, 2007, and then to March 15, 2007, when the Sale Order was entered by Judge Raslavich.  WV-PP therefore had more than

---

[2] It is the Debtor's burden to provide notice to all interested parties of a sale of property.  See e.g., In re Savage Industries, Inc., 43 F.3d 714, 720-1 (1st. Cir. 1994).

6

two months after receiving notice of the Expedited Motion to review the documents, make inquiries of the Debtor and FNBCC, request a copy of the title report (which was missing from the motions), file any objection, or appear in court and object to the sale of the Property.

WV-PP does not deny that its counsel received notice and copies of the pleadings in this case.[3] (See Deposition Transcript of Kevin McLaughlin at page 12, attached as Exhibit E to Debtor's Memorandum; Deposition Transcript of Albert Ciardi at page 7, submitted during oral argument on January 7, 2008). Nor does WV-PP deny that the notice sent by the Debtor described that the sale of the Property was to be free and clear of all liens, claims, leases and encumberances, including "all claims of ownership . . . or other equitable rights of any party of any kind," and the place and time of the hearing on the sale of the Property. (Expedited Motion ¶9). Rather, WV-PP's sole argument is that the notice given to it was inadequate because it failed specifically to inform it that the easements would be extinguished by the proposed sale. This argument fails.

The Expedited Motion and Sale Order, along with the attachments thereto, while not models of clarity, put the Easement holder on notice that the Property,

---

[3] Without benefit of citation to law, WV-PP asserts in its Memorandum that the Debtor should have served the company directly, rather than serving its attorney of record. This argument is without merit; serving a party's lawyer is tantamount to providing notice to the party itself. See Garcia v. I.N.S., 222 F.3d 1208 (9th Cir. 2000) ("in our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'") (quoting Link v. Wabash R.R., 370 U.S. 626, 634 (1962)). WV-PP also abandoned this argument at the hearing.

described sufficiently to inform it that the property on which it held an easement, was to be sold, attached the Sale Agreements, described the terms of the sale, and provided the date and time of the hearing on the sale.  For example, paragraph 30 of the Expedited Motion states that "*most importantly* the Debtor seeks the entry of an order . . . approving *the Agreement* and the sale in all respects. . . .  The Sale Approval Order reflects the terms of the Agreement."  (Emphasis added).  Similarly, the Sale Order, which is titled "Order Approving Sale of *Agreement of Sale*" states in paragraph three that the Property "shall be conveyed pursuant to §363 of the Bankruptcy Code *and the terms of the Agreements* free and clear of any and all liens, encumbrances, interests and claims thereon, therein, or relating to. . . ."  (Emphasis added).  While the word "easement" is not specifically mentioned in the notices or the motions themselves, as WV-PP would have liked, these documents unquestionably point the reader to and rely upon the Agreement of Sale.  The referenced Agreement, which was attached to the Expedited Motion as Exhibit A, defines an easement as an encumbrance and declares that "[t]he Property shall be sold free and clear of all . . . easements. . . ."  (¶1.2).  Therefore, one reviewing these papers, which WV-PP unquestionably received, easily will find that easements were to be extinguished upon the sale of the Property.  At that point, it was up to WV-PP to inquire whether its easement was meant to be extinguished.

WV-PP's complaint that the disposition of the Easement was not spelled out in the motion to sell the Property is not well taken for two reasons.  First, as just shown, the Expedited Motion and Sale Order clearly satisfy the requirement of specific notice of the sale, the description of the Property and the opportunity to object.  Second, once the Debtor satisfied its burden to provide notice, WV-PP's failure to fully and carefully review all documents provided to it can be blamed only on itself.  See Millman v. U.S. Patent and Trademark Office, 2007 WL 129062 (E.D. Pa. Jan. 11, 2007) (recipient's failure to review all documents is immaterial in an analysis of what constitutes adequate notice).  That WV-PP did not take note of the effect of the sale on the Easement is not the fault of the Debtor.  Clearly, one who has an interest in property who receives a motion regarding a sale of that property is on notice that a close reading of the documents or inquiry is necessary.  The Court, therefore, concludes that the notice given to WV-PP of the sale, which included a copy of the Sale Agreement, was adequate.

## II.    The Easement does not Survive the Sale in this Case

Given the conclusion that the WV-PP received sufficient notice of the Debtor's intention to eliminate the Easement upon sale of the Property, the next question is whether such an act is possible.  That is, can the Easement be

extinguished like other property interests in a bankruptcy sale? An examination of applicable bankruptcy and relevant nonbankruptcy law leads to the conclusion that the Easement may be extinguished upon sale of the Property. The sale to KPRM free and clear of the Easement may therefore proceed.

The Debtor seeks to sell the Property pursuant to § 363 of the Bankruptcy Code. This Section provides, in relevant portion, that a debtor may "sell property . . . free and clear of any interest in such property of an entity other than the estate, only if - (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest. . . ." In this case, the purchaser is the assignee of the mortgagee of the Property and seeks to extinguish all liens on the Property later than the mortgagee's. The parties agree the applicable nonbankruptcy law is state foreclosure law.

Foreclosure law in Pennsylvania dictates that, upon a sheriff's sale, the title of a purchaser relates back to the date of the mortgage and defeats all intervening estates and interests on the property - including easements - acquired subsequent to the mortgage. See, e.g., Ernst, Jr. v. Kwik-Check Realty Co., Inc., 1972 WL 14772 (Pa. Com. Pl. Dec. 6, 1972); Vanderwerff v. Consumers Gas Co., 166 Pa.Super. 358 (1950); Dexter v. Pennsylvania Power Co., 127 Pa.Super. 419 (1937). In other words, upon foreclosure, a mortgagee takes the property subject only to the liens and encumbrances thereon at the time the mortgage was granted; any encumbrances on the land that postdate the

10

mortgage are eliminated. In this case, because the Easement was taken after the relevant mortgage, KRPM, which stands in the shoes of the mortgagee, takes the Property free of subsequent interests on the Property, including WV-PP's Easement. Therefore, under applicable state law the Debtor and the purchaser of the Property, KRPM, are well within their rights to extinguish the Easement upon the sale.[4]

In arguing the opposite, WV-PP points to a single case in which a court in the Eastern District of New York held that easements run with the land and are not monetary property interests that are effected by a § 363 bankruptcy sale. See Silverman v. Ankari (In re Oyster Bay Cove, LTD), 196 B.R. 251, 255-6 (E.D.N.Y. 1996). However, Oyster Bay is distinguishable because there, apparently, the relevant law did not provide for elimination of the easement. For these reasons, the Debtor and KRPM may properly extinguish the Easement upon sale of the Property to an assignee of the mortgagee.

### III.   WV-PP is not Entitled to Adequate Protection

The final question is how to compensate WV-PP for the loss of its Easement. WV-PP will have a claim in the bankruptcy. The Debtor and KRPM readily acknowledged this at oral argument. However, § 363(e) of the Code

---

[4] In the pleadings, WV-PP argued that FNBCC should be treated as having consented to the Easement, removing it effectively from the subsequent encumberances which may be eliminated. WV-PP presented no evidence of any consent and made no argument about this at the hearing.

states, in relevant portion, that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the [debtor], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."[5] The award of adequate protection is within the discretion of the Court and will be granted on a case by case basis. In re NJ Affordable Homes Corp., 2006 WL 2128624, at *14 (Bankr. D.N.J. June 29, 2006).

In this case, WV-PP is not entitled to adequate protection. There is no value in the Easement. As the Property may be sold free and clear of it, there is no interest to protect. An adequate protection analysis requires examination of the creditor's state law remedies. See Paccom Leasing Corp. v. Deico Elecs, Inc. (In re Deico Elecs, Inc.), 139 B.R. 945, 947 (9th Cir. BAP 1992). Here, as discussed, such an analysis reveals that state foreclosure law will apply upon the sale of the Property. Upon a sheriff's sale, WV-PP's interest in the Property would be extinguished, because the title of a purchaser relates back to the date of the purchase and defeats all intervening property interests. See Ernst, Jr. v. Kwik-Check Realty Co., Inc., 1972 WL 14772 (Pa Com. Pl. Dec. 6, 1972). WV-PP cannot expect to receive adequate protection for an asset to be terminated by law. Therefore, the Court will not order the Debtor to provide

---

[5] WV-PP asserted in its initial Response to the Debtor's Motion that "Respondent has not been provided with adequate protection." (See ¶14(e), docket entry #324).

adequate protection to the Easement holder, but will set a hearing to determine the value of WV-PP's claim upon a motion from WV-PP.

## **CONCLUSION**

For the reasons discussed, the Court concludes that WV-PP has no grounds on which to object to the sale of the Property from the Debtor to KRPM, the assignee of the mortgagee of the Property. WV-PP received adequate notice of the parties' intent to dispose of its Easement; and such disposition is prescribed by the Code and applicable nonbankruptcy law. Therefore, the Debtor's Motion to confirm the sale to KRPM is granted. WV-PP is not entitled to adequate protection of its property interest. The Court will set a hearing date to determine the value of WV-PP's claim if WV-PP so requests. As the Order entered today makes clear, all provisions of the initial Sale Order remain in effect, including waiver of the ten-day automatic stay of Rule 6004(h).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                            :        Chapter 11

**GEORGE DULGERIAN,**                            :

        Debtor.                                  :        Case No. 06-10203 (JKF)

_____

# **ORDER**

This 25th day of January, 2008, upon consideration of the Debtor's Motion to Confirm Sale to First National Bank of Chester County or its assignee ("FNBCC") Free and Clear of Liens, Claims and Encumberances Pursuant to Section 363 of the Bankruptcy Code and for Clarification of Sale Order ("the Motion"), and after notice and hearing

It is hereby **ORDERED**, as follow:

1. the Motion is **GRANTED**;

2. The Debtor is authorized and directed to proceed with the sale of the real estate in accordance with the Sale Order (docket entry # 255) attached as Exhibit B to the Motion (the "Property");

3. This Order confirms that the Property shall be conveyed to FNBCC pursuant to § 363 of the Bankruptcy Code free and clear of any and all liens, encumberances, interests, and claims including, without limitation, that certain easement granted pursuant to that certain Road Easement Agreement dated as of October 30, 2003 and recorded on December 12, 2003 in Volume 3037 page

1472 in the Officer of Recorder of Deeds of Delaware County to Franklin Center Trust; and

    4.  All other provisions of the Order Approving Sale and Agreement of Sale dated March 15, 2007 remain in effect, including the authority to immediately close the transaction.  That is, the automatic stay of Rule 6004 is waived.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

Walter Weir, Jr., Esquire
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA  19107

Albert A. Ciardi, Esquire
Ciardi & Ciardi, PC
One Commerce Square
2005 Market Street, Suite 2020
Philadelphia, PA  19103

David E. Stern, Esquire
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103